**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tekele Yohannes Tessema, | Case No. 2:26-cv-01122-JAD-NJK |
| Petitioner | **Order Appointing Counsel and Deferring Consideration of 28 U.S.C. § 2241 Petition** |
| v. | |
| Pamela Bondi, et al., | [ECF Nos. 1, 1-1, 1-2] |
| Respondents | |

Petitioner Tekele Yohannes Tessema, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, moved for leave to proceed *in forma pauperis* ("IFP"), and moved for the appointment of counsel.[1] I cannot determine under what statutory authority the petitioner is detained or what constitutional claims he may have, so I defer ruling on the petition. But I find that the appointment of counsel is in the interest of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[2] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

IT IS THEREFORE ORDERED that the **motion for leave to proceed IFP (ECF No. 1) is GRANTED**.

IT IS FURTHER ORDERED that the **motion for appointment of counsel (ECF No. 1-2) is GRANTED**. **The Federal Public Defender for the District of Nevada (FPD) is**

---

[1] ECF Nos. 1, 1-1, 1-2.

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

**appointed to represent the petitioner** and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days of the date of this order.  If the FPD is unable to represent the petitioner, alternate counsel will be appointed.  Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  If the FPD files a notice of appearance in this matter, the FPD must, within 30 days from the date of this order, file either (1) an amended petition or (2) a motion to dismiss the petition.  The FPD must effectuate service of the amended petition, if one is filed, on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

1. **FILE** the petition (ECF No. 1-1).

2. **SEND** a copy of the petition (ECF No. 1-1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

3. **ADD** the USAO to the docket as an Interested Party.  Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.  The USAO is not required to file a response to the petition at this time.

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

2

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this district**, with the exception of effectuating his lawful deportation.[3]  In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days from deportation.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 14, 2026

---

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3